F. G. BROWN v. THE KINSLEY EXCHANGE BANK.

CONDITIONAL DEPOSIT — *Bank Performed its Trust.* The owner of a tract of land, desiring to sell the same, placed it in the hands of an agent, who made a conditional sale, and received from the proposed purchaser a sum of money which was to constitute a part of the purchase money if the proposition to purchase was accepted and the conditional sale approved, and if not, the money was to be returned to the proposed purchaser. The money so received was deposited in a bank, to be disposed of in accordance with these conditions, and the bank issued an ordinary deposit slip without any conditions written thereon, which was delivered to the owner of the land. He did

not accept the proposition nor ratify the sale, and the money was withdrawn by his agent and returned to the proposed purchaser. Subsequently, the owner brought an action against the bank on the deposit check, claiming that it was an unconditional agreement, and that the bank was absolutely liable for the amount deposited. *Held*, That the bank faithfully performed its trust, and that the landowner was not entitled to recover.

### *Error from Edwards District Court.*

ACTION on a certificate of deposit by *Brown* against the *Bank*. The defendant had judgment, and the plaintiff comes here. The opinion states the facts.

*Davidson & Williams*, for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: The purpose of this action, brought by F. G. Brown, was to recover from the Kinsley Exchange Bank a deposit of $500, alleged to have been placed there to the credit of Brown, and which was evidenced by a deposit check signed by the cashier of the bank.

The answer of the defendant in effect was, that L. B. Tewksberry was employed by Brown to sell a tract of real estate, and that he made a conditional sale, upon which $500 was advanced by the purchasers, the conditions being that if Brown should approve of the terms and conditions of the sale, the $500 advanced was to be paid to him, and if he failed to accept and ratify the sale, the money should be returned to the purchasers. Tewksberry deposited the money in the bank with this understanding and upon these conditions, and subsequently, when Brown failed to approve and confirm the sale which had been made, Tewksberry withdrew the money and returned it to the purchasers. The trial, which was with a jury, resulted in favor of the defendant, and the plaintiff complains.

The principal complaint is that the facts alleged in defendant's answer are not sufficient to constitute a defense to the action. It is argued that the issuance of the deposit check is

admitted, and that, as it had been delivered to Brown without any conditions, it is to be treated as a written contract to pay the money to Brown upon demand, which cannot be contradicted, and that the bank became absolutely liable thereon, regardless of any conditions. It is true the deposit slip or check was issued and finally came to the hands of Brown, but it is also true that he did not deposit the money, nor did he give anything to anyone for the money which he claims. The testimony offered in the case substantially sustains the allegations of the answer, and together they form a complete defense to the plaintiff's action. Tewksberry negotiated a sale of land, and, not knowing whether the terms offered by the proposed purchasers would be accepted or approved by plaintiff, the advanced payment was taken, and deposited in the bank upon the express condition that, if the proposition was accepted by plaintiff, it should constitute a part of the purchase money, and be paid to plaintiff, but if he refused to accept and approve the proposition then the money was to be returned to the purchasers. Tewksberry was in fact the agent of both parties, and, having placed the money conditionally with the bank, was at liberty to withdraw it. He was so far the agent of the plaintiff that his withdrawal of the money would relieve the defendants from any liability to his principal. More than that, the conditions under which the bank received the money made it a trustee of the parties to the negotiation, and it became its duty to faithfully execute the trust according to the terms agreed upon by the parties. Brown did not accept the proposition, did not convey his land, nor suffer any loss. He gave no consideration whatever for the $500 which he claims. The bank, as trustee, has turned over this fund to the party entitled to the same, and should be exonerated from all liability on account of the deposit. Brown has no right, either in law or justice, to the claim which he makes. Tewksberry, who was his own agent, has received the money from the bank and receipted for the same; and this was done strictly in accordance with the conditions under which the deposit was made.

It is contended that the preponderance of the evidence shows that the deposit was made without any conditions other than those expressed on the deposit slip. But that was a question of fact which has been settled by the jury, and, from a reading of the testimony, we think it was correctly settled.

Some criticism is made of the instructions, but there is nothing in the record showing that the testimony in the case is all preserved, and hence the objections which are made to the instructions are not available.

The judgment of the district court will be affirmed.

All the Justices concurring.